UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13CV-00258-HBB

MICHELLE LYNN CORBETT                                          PLAINTIFF

VS.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                               DEFENDANT

MEMORANDUM OPINION
AND ORDER

BACKGROUND

Before the Court is the complaint (DN 1) of Michelle Lynn Corbett ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Both the Plaintiff (DN 14) and Defendant (DN 15) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12).   By Order entered June 17, 2014 (DN 13), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

1

FINDINGS OF FACT

On May 25, 2011, Plaintiff protectively filed an application for Supplemental Security Income Benefits[1] (Tr. 166-172, 179).   Plaintiff alleged that she became disabled on October 1, 2003, as a result of degenerative disc disease in her neck and back, spondylosis, depression, anxiety, bipolar disorder, and post-traumatic stress disorder (Tr. 179, 183).   On November 1, 2012, Administrative Law Judge Jonathan Stanley ("ALJ") presided over a video hearing from Lexington, Kentucky (Tr. 8, 22-24).   Plaintiff and her attorney, George Seelig, participated in the video hearing from Campbellsville, Kentucky (Tr. 8, 22-24).   Also participating in the video hearing was Laura Whitten, an impartial vocational expert (Tr. 8, 22-24).

In a decision dated December 7, 2012, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 8-17).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 25, 2011, the application date (Tr. 10).   At the second step, the ALJ determined that Plaintiff's degenerative disc disease of the lumbar and cervical spine; status post right total knee replacement surgery; status post cervical spinal cord stimulator surgery with revision; status post lumbar spinal cord stimulator surgery; major depressive disorder; post-traumatic stress disorder; and asthma are "severe" impairments within the meaning of the regulations (Tr. 10).   Notably, at the second step, the ALJ also determined that Plaintiff's status post thoracic outlet surgery, diabetes mellitus type II, headaches, and tobacco use are "non-severe" impairments within the

---

1 The administrative record indicates that Plaintiff also filed an application for Disability Insurance Benefits on May 31, 2011 (DN 162-165).   For reasons that are not clear, the ALJ did not address this application (Tr. 24, 8-17).

meaning of the regulations (Tr. 12).   At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 12).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of light work because she can occasionally climb stairs and ramps; she cannot climb ropes, ladders, and scaffolds; she can occasionally balance, stoop, kneel, crouch and crawl; she must avoid concentrated exposure to extreme cold, pulmonary irritants, and vibration; she cannot work at unprotected heights or around hazardous moving machinery; she can understand, remember and carry out short, simple instructions and make simple work-related judgments; she can maintain adequate attention and concentration to perform simple tasks; she can perform simple routine repetitive work; she can manage and tolerate simple routine changes in the work place setting; and she can interact with supervisors, coworkers, and the general public (Tr. 13-14).   The ALJ found Plaintiff has no past relevant work (Tr. 16).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 16-17).   The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 16-17).   Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from May 25, 2011 through December 7, 2012, the date of the decision (Tr. 17).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 4). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).

CONCLUSIONS OF LAW

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.   42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).   The term "disability" is defined as an

> [i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

As previously mentioned, plaintiff alleges she became disabled on October 1, 2003 (Tr. 166-172, 179).   However, the proper inquiry in an application for Supplemental Security Income is whether the claimant was disabled on or after her application date.   20 C.F.R. § 416.335; Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993).   Therefore, Plaintiff's application for supplemental security income would only permit payments from May 25, 2011 forward.   20 C.F.R. § 416.335; Crady v. Sec'y of Health & Human Servs., 835 F.2d 617, 620 n. 1 (6th Cir. 1987).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.   See "Evaluation of disability in general," 20

4

C.F.R. §§ 404.1520, 416.920.   In summary, the evaluation proceeds as follows:

1)   Is the claimant engaged in substantial gainful activity?

2)   Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)   Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)   Does the claimant have the residual functional capacity to return to his or her past relevant work?

5)   Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).   At that point, the ALJ's decision became the final decision of the Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."   Cotton, 2 F.3d at 695

(quoting <u>Casey v. Sec'y of Health & Human Servs.</u>, 987 F.2d 1230, 1233 (6th Cir. 1993)).   In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."   <u>Cohen v. Sec'y of Health & Human Servs.</u>, 964 F.2d 524, 528 (6th Cir. 1992) (quoting <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff disagrees with Finding No. 3 (DN 14, Memorandum at Pages 4-6).   This finding addresses the third step in the sequential evaluation process.   At this step, a claimant has the burden of demonstrating she has an impairment that meets or medically equals a listing in Appendix 1.   <u>See</u>, 20 C.F.R. §§ 404.1520(d), 416.920(d); <u>Burgess v. Sec'y of Health & Human Servs.</u>, 835 F.2d 139, 140 (6th Cir. 1987).   To meet a listing in Appendix 1, the medical records regarding the impairment must satisfy both the diagnosis and severity requirements for the listing. Social Security Ruling 96-5p; 20 C.F.R. §§ 404.1525(d), 416.925(d); <u>Hale v. Sec'y of Health & Human Serv's.</u>, 816 F.2d 1078, 1083 (6th Cir. 1984).   If the impairment does not meet the severity requirements of a listing, then the Administrative Law Judge looks to the opinions of the state agency medical advisors and/or the opinion of a testifying medical expert for guidance on the issue of whether the medical findings are at least equal in severity and duration to the listing findings. 20 C.F.R. §§ 404.1526(a) and (b), 416.926(a) and (b); Social Security Ruling 96-5p; <u>Deters v. Sec'y of Health, Educ. & Welfare</u>, 789 F.2d 1181, 1186 (5th Cir. 1986).   Since a finding that a claimant meets or equals a listing is dispositive of the case, the finding is reserved to the Administrative Law Judge.   Social Security Ruling 96-5p.

Here, Plaintiff makes a general assertion that she "suffers from a combination of impairments sufficient to **meet** 20 CFR Part 404 Subpart P criteria" (DN 14, Memorandum at Page 4) (emphasis added).   Further, Plaintiff provides a broad summary of some of the medical

6

evidence in the administrative record (DN 14, Memorandum at Pages 4-6).   However, Plaintiff does not specifically identify a listing or listings in Appendix 1 and explain why she believes the medical evidence in the record demonstrates that she meets that listing or those listings (DN 14, Memorandum at Pages 4-6).   It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); see also Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 2006 WL 463859, at *2 (6th Cir. 2006) (unpublished opinion).   Therefore, Plaintiff's challenge to Finding No. 3 is deemed waived.

Next, Plaintiff disagrees with Finding No. 4 (DN 14, Fact and Law Summary and Memorandum at Page 4).   This finding sets forth the ALJ's residual functional capacity assessment (Tr. 13-14).

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946.   The residual functional capacity finding is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments.   20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946; Social Security Ruling 96-5p; Social Security Ruling 96-7p.   Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and consider the subjective allegations of the claimant and make credibility findings.   20 C.F.R. §§ 404.1527(c), 404.1529; Social Security Ruling 96-7p.

7

Here, Plaintiff makes a general assertion "that the decision of the Administrative Law Judge under sub heading … 4 does not accurately reflect the substantial evidence of the claimants impairment found in the record" (DN 14, Memorandum at Page 4).   Additionally, Plaintiff provides a broad summary of some of the medical evidence in the administrative record (DN 14, Memorandum at Pages 4-6).   However, Plaintiff does not provide a specific explanation why she believes the ALJ's residual functional capacity assessment is not supported by substantial evidence in the record.   For example, Plaintiff does not explain why there is an absence of substantial evidence supporting the ALJ's findings regarding the weight assigned to medical source statements and/or the credibility of Plaintiff's subjective complaints of pain and other symptoms (DN 14, Memorandum at Pages 4-6).   Again, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Layne, 192 F.3d at 566 (quoting McPherson, 125 F.3d at 995-96); see also Brindley, 61 F.3d at 509 (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice, 2006 WL 463859, at *2.   Therefore, Plaintiff's challenge to Finding No. 4 is deemed waived.

Notwithstanding, the Court has reviewed the record and concludes the ALJ's residual functional capacity assessment is supported by substantial evidence in the record and comports with applicable law for evaluating a claimant's credibility and assigning weight to non-examining and consultative physician's opinions.   See 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 4416.929; Social Security Ruling 96-7p.   Notably, there was no medical source statement in the record from any treating source.

Next, Plaintiff disagrees with Finding No. 9 (DN 14, Fact and Law Summary and Memorandum at Pages 6-7).   This finding addresses the fifth step in the sequential evaluation process.   Essentially, Plaintiff argues Finding No. 9 is not supported by substantial evidence

8

because of her subjective complaints of pain and limitation related to her physical and mental impairments (DN 14, Memorandum at Pages 6-7).

At the fifth step, the Commissioner has the burden of demonstrating there exist a significant number of jobs in the local, regional, and national economies that the claimant can perform, given his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g), 416.920(a)(4)(v) and (g); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 684 (6th Cir. 1992); Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990).   Here, Plaintiff's residual functional capacity does not coincide with all the criteria of a particular Grid Rule because she suffered from non-exertional limitations.   Therefore, the ALJ appropriately used the Grid Rule as a framework in the decision making process and made a non-guideline determination based on the testimony of a vocational expert (Tr. 16-17, 53-55).   20 C.F.R. §§ 404.1566(e), 416.966(e); Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1174 (6th Cir. 1990); Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987); Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 531, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).   The vocational expert's testimony constituted substantial evidence to support the ALJ's finding that a plaintiff is capable of performing a significant number of jobs existing in the state and national economies because the vocational expert's testimony is based on a hypothetical question that accurately portrays the plaintiff's physical and mental impairments (Tr. 16-17, 53-55).   Varley, 820 F.2d at 779; Bradford v. Sec'y, Dep't. of Health & Human Servs., 803 F.2d 871, 874 (6th Cir. 1986) (per curiam).

Finally, Plaintiff disagrees with Finding No. 10 (DN 14, Fact and Law Summary). Essentially, Plaintiff relies on her previous challenges to substantiate this claim.   The undersigned

9

has reviewed the record and concludes that Finding No. 10 is supported by substantial evidence in the record and comports with applicable law.   In sum, the Commissioner's findings are supported by substantial evidence in the administrative record and they comport with applicable law.

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

This is a final and appealable Order and there is no just cause for delay.

Copies:        Counsel

10